UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

AARON LEROY RUFFIN                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 4:20CV-P121-JHM

KEVIN MAZZA *et al.*                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Aaron Leroy Ruffin filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on an initial review of the complaint (DN 1) and amended complaint (DN 12) pursuant to 28 U.S.C. § 1915A.[1] For the reasons set forth below, the Court will dismiss some of the claims, allow others to proceed, and allow Plaintiff to file a second amended complaint.

**I. SUMMARY OF COMPLAINT**

Plaintiff, a convicted inmate at the Green River Correctional Complex (GRCC) at the time of the alleged events, sues GRCC Warden Kevin Mazza, Lt. Basting, C/O Croft, and Lt. Henson in their individual and official capacities.[2] He also sues the Kentucky Department of Corrections (KDOC).

In the original complaint, Plaintiff states that on March 23, 2020, he was returning from the pill call window when he was stopped by Defendants Henson, Basting, and Croft "for what I assume was a random search." Plaintiff asserts, "I was advised that I was going to be 'patted down,' to which I requested that they put on gloves beforehand because my concerns over the

---

[1] By Order entered November 11, 2020, the Court consolidated Civil Action No. 4:20CV-P132-JHM into the instant action, finding that the two actions allege essentially the same facts (DN 11). The Court ordered that the complaint filed in No. 4:20CV-P132-JHM be docketed in the instant action as an amended complaint.

[2] For purposes of the initial review, the Court has reviewed both the original and amended complaint. The amended complaint does not name Defendant Henson as a Defendant, but because he is listed as a Defendant in the original complaint, the Court considers him as a party to this action.

COVID-19 virus.  Lt. Henson seemed to be aggravated by my request and told me that he was

not obligated to as per C.P.P."  He continues, "I was then told I was being 'strip-searched' for

whatever reason, I was not told why."  Plaintiff represents that he was taken to a bathroom where

there are no cameras and instructed to place his hands on his head and then "to strip, and hand

Officer Croft one article at a time."  He further states as follows:

> After removing all of my clothes Officer Croft told me to lift my genitals.  In spite
> of my compliance Officer Croft told me to do it again, because I didn't do it right
> the first time.  Once again, I followed instructions but whithout warning Officer
> Croft proceeded to take hold of my genitals by force and without consent, at that
> point Lieutenant Basting kicked and punched me.  Out of fear, I ran out of the
> bathroom where I was stopped by Lt. Henson, Officer Jarvis.  One of them
> commanded me to lay down on the ground, and I followed that order.  It was at
> that point that Lt. Basting stated that he seen a string hanging out of my rectum
> and proceeded to insert his fingers inside my rectum.

Plaintiff asserts, "I was then walked across the yard naked to SMHU where I immediately

filed a [Prison Rape Elimination Act] ["]PREA["] grievance."  He maintains that he was told that

he "would get a write-up for lying about it."  He states, "I've been raped before and traumatized

by these type of events."  He asserts, "I've been having mental breakdowns because of this.

After I had been in seg for 2 weeks the institution double celled me an a inmate infected with the

COVID-19 virus which resulted in me becoming infected with the COVID-19 virus causing lung

damage, shortness of breath."

The amended complaint contains the essentially same factual allegations as above.

However, with respect to the walk across the yard, Plaintiff states, "I was then walked across the

yard no shirt, pants, just boxers to SMHU where I immediately filed a prea PREA grievance.  I

was told I would be written up for lying about it."  He additionally states, "There falsifying

charges against me in a form of retaliation."  Plaintiff also states, "While in SMHU for 2 weeks

on max assault status in a single cell the institution placed another max assault status who was

infected with the COVID-19 virus in my cell infecting me with the virus in violation of the United States Constitution . . . ."

In both the original and amended complaint, Plaintiff alleges violations of the First, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the Constitution.  As relief, he seeks compensatory and punitive damages and "immediate release."

## II.  STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.  ANALYSIS

#### A. KDOC

With regard to Plaintiff's claim against KDOC, a state and its agencies are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the claim against it must be dismissed for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment acts as a bar to all claims for relief against KDOC.  A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).  Therefore, the Court will also dismiss the claims against KDOC for seeking monetary damages from a Defendant who is immune from such relief.

#### B. Official-capacity claims

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166

4

(1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants are employees of GRCC and are therefore state employees. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

In addition to monetary damages, Plaintiff demands injunctive relief in the form of release. Plaintiff's sole remedy for seeking release is through a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Release is not an available remedy under § 1983.

Therefore, Plaintiff's official-capacity claims against Defendants for monetary damages and injunctive relief must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant who is immune from such relief.

## C. *Individual-capacity claims*

### 1. Defendant Mazza

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about

5

which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The complaint contains no allegation of any personal involvement in the alleged events on the part of Defendant Mazza.

Moreover, to the extent Plaintiff seeks to hold Defendants Mazza based on his supervisory authority as GRCC Warden, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, there must be "a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Once again, the complaint contains no allegations concerning Defendant Mazza and therefore fails to allege supervisory liability.

Accordingly, the individual-capacity claim against Defendant Mazza must be dismissed for failure to state a claim upon which relief may be granted.

### 2. First Amendment

Upon review, <u>the Court will allow Plaintiff's First Amendment claim for retaliation to proceed against Defendants Basting, Croft, and Henson in their individual capacities</u> based on Plaintiff's allegation that they falsified disciplinary charges against him in retaliation for filing a PREA grievance.

### 3.  Fifth, Ninth, and Tenth Amendments

Plaintiff alleges violations of the Fifth, Ninth, and Tenth Amendments.  However, the Court can discern no such claims based upon Plaintiff's allegations.  Therefore, the Court will dismiss these claims for failure to state a claim upon which relief may be granted.

### 4.  Eighth Amendment

Upon review, the Court will allow Plaintiff's Eighth Amendment claim of excessive force to proceed against Defendant Basting, Croft, and Henson in their individual capacities.

In addition, Plaintiff alleges that he was housed in a cell with an inmate who had COVID-19 and that he became infected with the virus which caused lung damage and shortness of breath.  The Court construes the allegations as asserting a failure-to-protect claim in violation of the Eighth Amendment.  However, Plaintiff does not allege that the named Defendants were responsible for housing him with the other inmate.  Therefore, the Court will give Plaintiff an opportunity to file a second amended complaint naming any persons, in their individual capacities, who he alleges were responsible and stating specific factual allegations against each such individual.  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing for amendment).

### 5. Fourteenth Amendment

Plaintiff also alleges a violation of the Fourteenth Amendment.  However, because Plaintiff was a convicted state inmate at the time of the facts alleged in the complaint, the Eighth Amendment, not Fourteenth Amendment, applies to Plaintiff's claims regarding his conditions of confinement. *See Estelle v. Gamble*, 429 U.S. 97 (1976).  Therefore, Plaintiff's claim under the Fourteenth Amendment will be dismissed for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against all Defendants; his individual-capacity claim against Defendant Mazza; and his claims under the Fifth, Ninth, Tenth, and Fourteenth Amendments are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking relief from a defendant who is immune from such relief.

The Clerk of Court is **DIRECTED to terminate Defendant Mazza** as a party to this action.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file a second amended complaint naming any persons, in their individual capacities, who he alleges were responsible for housing him with an inmate with COVID-19 and stating specific factual allegations against each such individual**.  The Court will conduct an initial review of the second amended complaint pursuant to 28 U.S.C. § 1915A.

The Clerk of Court is **DIRECTED** to place the instant case number and word "Second Amended" on a § 1983 complaint form and send it and three summons forms to Plaintiff.

The Court will enter a Service and Scheduling Order after Plaintiff files a second amended complaint or after the 30-day period expires.

Date:   February 1, 2021

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.010

8