UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**AARON LEROY RUFFIN**  **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:20-CV-P121-JHM**

**KEVIN MAZZA** *et al.*  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner civil-rights action brought by Plaintiff Aaron Leroy Ruffin pursuant to 42 U.S.C. § 1983. Plaintiff has filed four motions for an extension of time to file his second amended complaint (DNs 23, 24, 25, & 26). Upon consideration, and because Plaintiff has now filed his second amended complaint, **IT IS HEREBY ORDERED** that the motions are **GRANTED**. Plaintiff file his second amended complaint on a Court-supplied form and wrote in the "Statement of Claims" section of the form "Please See Memorandum in Support of Plaintiff Ruffin's Second Amended Complaint pursuant to 42 U.S.C. 1983" (DN 27). Five days later, Plaintiff filed a supporting memorandum (DN 28). The Court **CONSTRUES** the supporting memorandum as coopted into the second amended complaint. The Court must now screen the second amended complaint (DNs 27 & 28) pursuant to 28 U.S.C. § 1915A.

**I.**

On February 1, 2021, the Court conducted an initial review of the complaint and amended complaint (DN 15). Upon review, the Court allowed First Amendment retaliation claims and Eighth Amendment excessive-force claims to proceed against Defendants Lt. Basting, C/O Croft, and Lt. Henson in their individual capacities. The Court dismissed Plaintiff's claims against the Kentucky Department of Corrections (KDOC) and Kevin Mazza.

In the second amended complaint, Plaintiff adds the following as Defendants - Jeffery Hope, Unit Administrator; Bobbie Jo Butts, Deputy Warden; and Corr. Officer Jarvis. He sues these Defendants in their individual capacities. In the supporting memorandum, Plaintiff recounts and expands upon his allegations against Defendants Basting, Croft, and Henson regarding the excessive-force incident. He also alleges that Defendants Henson, Croft, and Jarvis failed to protect him from the actions of Defendant Basting during the excessive-force incident in which Plaintiff claims that Defendant Basting sodomized and assaulted him. The only allegation that Plaintiff makes against Defendants Butts and Hope is that they told Plaintiff he would be "double-bunked."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v.*

*M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting

under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendants Henson, Croft, and Jarvis

Upon review of Plaintiff's allegations in the supporting memorandum, <u>the Court will allow Eighth Amendment failure-to-protect claims to proceed against Defendants Henson, Croft, and Jarvis in their individual capacities</u>.

### B. Defendants Butts and Hope

The Court can discern no constitutional claim against Defendant Butts or Hope based upon Plaintiff's allegation in the supporting memorandum that they told him he would be "double-bunked." Thus, Plaintiff's claims against these Defendants will be dismissed for failure to state a claim upon which relief may be granted.

### C. Defendant KDOC

In the instant pleadings, Plaintiff also makes additional allegations against the "Department of Corrections" which he also identifies as the "Kentucky D.O.C." He specifically alleges that his injuries occurred because the KDOC failed to properly train Defendants Henson, Basting, Croft, and Jarvis. However, as the Court explained it is prior Memorandum Opinion and Order, a state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff's claims against the KDOC fail to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment acts as a bar to all claims for relief against KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506

U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Therefore, Plaintiff's claims against the KDOC are also barred because they seek monetary damages from a Defendant who is immune from such relief.

### IV.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's individual-capacity claims against Defendants Butts and Hope are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the **KDOC** are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and 28 U.S.C. § 1915A(b)(2) for seeking monetary damages from a Defendant who is immune from such relief.

Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to terminate the Kentucky D.O.C, the Department of Corrections, Bobbi Jo Butts, and Jeffery Hope as parties to this action.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: October 13, 2021

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011